IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. SONYA WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>DR. KEVIN J. NOHELTY, Superintendent, in his official and individual capacity, and DOLTON WEST SCHOOL DISTRICT 148 BOARD OF EDUCATION,<br><br>Defendants. | Case No.:<br><br>(Circuit Court of Cook County, Illinois, Civil Action No. 2025 L 005724) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Dr. Kevin J. Nohelty and the Dolton West School District 148 Board of Education, (collectively, the "District"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of this civil action from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, the District respectfully states the following:

1. On April 30, 2025, Plaintiff DR. SONYA WHITAKER, ("Plaintiff"), filed a complaint against the District in the Circuit Court of Cook County, Illinois, entitled *Dr. Sonya Whitaker v. Dr. Kevin J. Nohelty, et al.,* bearing case number: 2025 L 005724. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**. By her Complaint, Plaintiff alleges causes of action for: (1) violation of the Illinois Whistleblower Act (Count I); (2) breach of employment contract (Count II); (3) due process violations (Count III); (4) common law retaliatory discharge (Count IV); and (5) tortious interference with contract (Count V). (**Exh. A**). In this employment discrimination matter, Plaintiff alleges causes of action related to disciplinary

proceedings and processes as against Plaintiff when she was employed by and then terminated by the District. (*Ibid.*). Generally, Plaintiff alleges she was retaliated against after speaking out about her concerns of "fiscal management." (*Id.*, at ¶ 10).

2. The District was served with a copy of Plaintiff's Complaint filed in this civil action on May 1, 2025.

3. Plaintiff demanded a jury trial in this civil action. (**Exh. B** (a copy of all state court pleadings in this action)).

4. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal was timely filed within 30 days of the date on which this case became removable. 28 U.S.C. § 1446(b)(1).

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where Plaintiff brought this action is located within this District.

6. This civil action is removable to this Court pursuant to 28 U.S.C. § 1441(a), the "artful pleading" doctrine, and because the state law claims cannot be decided without the Court deciding the federal claims / resolution of the state law claims depend on the resolution of the federal claims.

7. Plaintiff has also filed a lawsuit with this court, entitled *Dr. Sonya Whitaker v. Dr. Kevin J. Nohelty and Dolton West School District 148 Board of Education*, bearing case number 24-CV-8308 (the "Federal Case"). A copy of Plaintiff's Amended Complaint in the Federal Case (Dkt. 20) is attached hereto as **Exhibit D**. One can see that Plaintiff has brought two suits against the exact same defendants, based on the exact same conduct, and alleging the same factual allegations and causes of action. (*Compare*, **Exh. A**, **Exh. D**).

8. "[A] plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

9. In the Federal Case, Plaintiff asserts causes of action based on federal and state law. (**Exh. D**). This Court has original jurisdiction over federal questions and supplemental jurisdiction over claims based on Illinois state law. 28 U.S.C. §§ 1331, 1367(a). In this matter, Plaintiff purports to assert only causes of action based on Illinois state law. (**Exh. A**). This Court would have supplemental jurisdiction over the claims in this action. 28 U.S.C. § 1367(a).

10. For removal purposes, "[c]laims are not separate and independent if they arise 'from the same loss or actionable wrong' or 'if the wrongs arise from an interlocked series of transactions, *i.e.*, they substantially arise from the same facts." *Fowler v. Evansville Convention & Visitors Bureau*, 2010 U.S. Dist. LEXIS 114429, *6, (S.D.Ind.), *quoting Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985).

11. When the federal claims predominate, all state claims are to be determined with the federal claims. *See, e.g., Harrison v. Bd. of Educ., Maine Twp. High Sch. Dist. No. 207*, 1996 U.S. Dist. LEXIS 4779, *2 (N.D.Ill.). And, when the determination of claims based on state law depend on the determination of the claims based on federal law, the claims are to be considered together. *Fowler, supra*, 2010 U.S. Dist. LEXIS 114429, **12-13.

12. Further, removal is proper here because Plaintiff specifically alleges a cause of action for First Amendment retaliation in the Federal Case, which necessarily must be decided before the other claims may be determined. *Fowler, supra*, 2010 U.S. Dist. LEXIS 114429, ** 12-13. (**Exh. D**, at 9, Count II).

13. Additionally, removal is proper because Plaintiff alleges violations of federal rights in her Complaint, but fails to label them as such. Plaintiff cannot defeat removal by such "artful pleading." *See, e.g., Davis v. Rodriguez*, 106 F.3d 206, 208-09 (7th Cir. 1997).

14. Plaintiff asserts some of the exact same causes of action in the Federal Case as in this case. In the Federal Case, Plaintiff asserts causes of action for violation of the Illinois Whistleblower Act (Count IV), breach of contract (Count V), abuse of process (Count VI), and interference with contract (Count I). (**Exh. D** / Dkt. 20, at 8, 10-12). In this case, Plaintiff asserts causes of action for violation of the Illinois Whistleblower Act (Count I), breach of contract (Count II), violation of due process (Count III), and interference with contract (Count V). (**Exh. A**, at 9-11, 14).

15. Once this case is removed, the Defendants intend to move to consolidate this case with the pending Federal Case.

16. True and correct copies of all state court pleadings in this action are attached as **Exhibit B**.

17. A true and correct copy of the state court docket in this action is attached as **Exhibit C**.

18. Plaintiff is represented by attorneys Sheridan T. Yeary and Chiquita Hall-Jackson in this action, as well as in the Federal Case.

19. The District is represented by Kathleen M. Kunkle of the law firm of Ancel Glink, P.C., and files this Notice of Removal to certify its consent to the removal of this case.

20. On May 30, 2025, the District filed with the Clerk of the Circuit Court of Cook County, Illinois, a Notice of Filing of this Notice of Removal.

21. The District has provided written notice to Plaintiff by contemporaneously serving Plaintiff with this Notice of Removal.

22. By filing this Notice of Removal, the District does not waive any defense(s) that may be available to it.

WHEREFORE, for the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the "artful pleading doctrine," and the dependency of the claims, under this Court's federal question jurisdiction and supplemental jurisdiction.

    Respectfully submitted,

    DOLTON WEST SCHOOL DISTRICT 148 and DR. KEVIN J. NOHELTY

    By: */s/ Kathleen M. Kunkle*
        One of Their Attorneys

Kathleen M. Kunkle / ARDC # 6281796
kkunkle@ancelglink.com
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943/ Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, and certify that I served a copy of same by emailing a copy to the party listed below at their respective email addresses on the **30th** day of **May, 2025**, before 5:00 p.m.

| | |
|---|---|
| Sheridan T. Yeary | styeary@yearylegal.com |
| Chiquita Hall-Jackson | chj@hall-jacksonandassociates.com |

By: */s/ Kathleen M. Kunkle*
Attorney for Defendants
Kathleen M. Kunkle / ARDC # 6281796
kkunkle@ancelglink.com
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943/ Fax