*Whitaker v. Dolton West SD #148; et al.*

# Defendants' Exhibit B

Case: 1:25-cv-06055 Document #: 1-2 Filed: 05/30/25 Page 2 of 33 PageID #:27

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Sonya L. Whitaker

v.

Kevin J. Nohelty and Dolton West School District 148 Board of Education

No. _____

FILED
4/30/2025 1:53 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L005724
Calendar, I
32508047

FILED DATE: 4/30/2025 1:53 PM    2025L005724

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ■ Yes ☐ No

**(FILE STAMP)**

#### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

#### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Sheridan T. Yeary
(Attorney)          (Pro Se)

#### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ■ 076 Retaliatory Discharge

#### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____
_____

Primary Email: styeary@yearylegal.com

Secondary Email: chj@hall-jacksonandassociates.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
Page 1 of 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A, B, C, D, E, F, H, R, X, Z) will be heard in person.

All other Law Division Initial Case Management Dates will be heard via Zoom

For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12

Court Date: 6/30/2025 9:30 AM

FILED DATE: 4/30/2025 1:53 PM   2025L005724

FILED
4/30/2025 1:53 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L005724
Calendar, I
32508047

# SUMMONS

**IN THE STATE OF ILLINOIS, CIRCUIT COURT**

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook ▾
*County Where You Are Filing the Case*

*Enter the case information as it appears on your court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Whitaker, Sonya L.
*Who started the case.*   *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** Kevin J. Nohelty and
*Who the case was filed against.*

Dolton West School District 148

Board of Education
*First, Middle, and Last Name or Business Name*

_____
**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.

- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

☑ **1. 30-DAY SUMMONS**

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: _____ 50 W. Washington St.          Chicago, Illinois 60602 _____
*Courthouse Street Address*

**- or -**

☐ **2. DATE CERTAIN SUMMONS**

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*          *Time*          *Courtroom Number*

*This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. Forms are free at ilcourts.info/forms.*
SU-S 1503.7                    Page 1 of 6                    (11/24)

Case Number: _____

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____
Courtroom Address        Courtroom Number

☐ **Remotely** (video or telephone)

    **By video conference** at: _____
Video Conference Website

    Log-in information: _____
Video Conference Log-in Information, Meeting ID, Password, etc.

    **By telephone** at: _____
Call-in Number for Telephone Remote Appearance

To find out more about remote court options:

Phone: _____ or Website: _____
Circuit Clerk's Phone Number       Website URL

_____      _____

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ _____.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☐ I am having 1 Defendant/Respondent served and their information is on this form below.

☑ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: 1_____.
Number

b. First Defendant/Respondent's **primary address/information** for service:

Name: Kevin J. Nohelty_____
First, Middle, and Last Name, or Business Name

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

_____
First, Middle, and Last Name

Street Address: 114 W 144th St, Riverdale, IL 60827_____
Street, Apt #

City, State, ZIP: Riverdale _____ IL _____ 60827 _____
City       State       Zip

Telephone: _____ Email: _____

FILED DATE: 4/30/2025 1:53 PM   2025L005724

Case Number: _____

c. **Second address** for this Defendant/Respondent:

☑ I do **not** have another address where the Defendant/Respondent might be found.

☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
<span>Street, Apt #</span>

City, State, ZIP: _____
<span>City</span>      <span>State</span>      <span>Zip</span>

Telephone: _____ Email: _____

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois   ☑ Special process server   ☐ Licensed private detective

☐ Sheriff outside Illinois: _____
<span>County & State</span>

---

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name  Sonya L. Whitaker
     *First, Middle and Last Name*

Registered Agent's name, if any _____
     *First, Middle and Last Name*

Street Address  c/o Hall-Jackson and Associates, 180 W. Washington St. Suite 820
     *Street, Apt #*

City, State, ZIP: ___ Chicago,      IL      60602
     *City*      *State*      *Zip*

Telephone: _____ Email: _____

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

**STOP**   The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____      *Seal of Court*

     4/30/2025 1:53 PM Mariyana T. Spyropoulos
Clerk of the Court: _____

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 4/30/2025 1:53 PM   2025L005724

*Case Number: _____*



## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.



Learn more about each step in the process and how to file in the instructions:
ilcourts.info/summons-instructions.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:



**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons*)*:**

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

*(left margin)* FILED DATE: 4/30/2025 1:53 PM   2025L005724

Case Number: _____

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook _____ ▼
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Whitaker, Sonya L.
*Who started the case.*                 *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** Kevin J. Nohelty and
*Who the case was filed against.*

Dolton West School District 148

Board of Education
*First, Middle, and Last Name or Business Name*

_____

**Case Number**

**STOP** Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: _____
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
  ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____ Race: _____

  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

  Address, Unit#: _____

  City, State, ZIP: _____

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family
  member or lives there:
  Name of person served: _____
  *First, Middle, Last Name*
  ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____ Race: _____

  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

  Address, Unit#: _____

  City, State, ZIP: _____
  and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above

  address on this date: _____ .

FILED DATE: 4/30/2025 1:53 PM  2025L005724

*Case Number:* _____

☐ On the **Business's agent:** _____

<em>First, Middle, Last Name</em>

☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____

_____

_____

**Second Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____

_____

_____

**Third Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____

_____

_____

---

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/ _____  Print Your Name _____

You are: ☐ Sheriff in Illinois
☐ Sheriff outside Illinois: _____    ☐ Special process server
<em>County and State</em>
☐ Licensed private detective, license number: _____
<em>License number</em>

**FEES:**

Service and Return: $_____    Miles: $_____    Total: $ 0.00_____

FILED DATE: 4/30/2025 1:53 PM  2025L005724

**FILED DATE: 4/30/2025 1:53 PM   2025L005724**

FILED
4/30/2025 1:53 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L005724
Calendar, I
32508047

# SUMMONS

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook ▢
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Whitaker, Sonya L.
*Who started the case.*       *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** Kevin J. Nohelty and
*Who the case was filed against.*

Dolton West School District 148

Board of Education
*First, Middle, and Last Name or Business Name*

_____
**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.

- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

☑ **1. 30-DAY SUMMONS**

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: _____ 50 W. Washington St._____ Chicago, Illinois 60602 _____
*Courthouse Street Address*

**- or -**

☐ **2. DATE CERTAIN SUMMONS**

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*       *Time*       *Courtroom Number*

Case Number: _____

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____
  *Courtroom Address*                                    *Courtroom Number*

☐ **Remotely** (video or telephone)

  **By video conference** at: _____
                             *Video Conference Website*

  Log-in information: _____
                      *Video Conference Log-in Information, Meeting ID, Password, etc.*

  **By telephone** at: _____
                      *Call-in Number for Telephone Remote Appearance*

  To find out more about remote court options:

  Phone: _____  or  Website: _____
         *Circuit Clerk's Phone Number*                  *Website URL*

_____        _____

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ _____.

   *(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

   ☐ Yes  ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

   ☐ I am having 1 Defendant/Respondent served and their information is on this form below.

   ☑ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: 1_____.
      *Number*

b. First Defendant/Respondent's **primary address/information** for service:

   Name: Dolton West School District 148 Board of Education_____
         *First, Middle, and Last Name, or Business Name*

   Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

   _____
   *First, Middle, and Last Name*

   Street Address: __114 W 144th St, Riverdale, IL 60827_____
                   *Street, Apt #*

   City, State, ZIP: __Riverdale_____  IL_____  60827_____
                      *City*              *State*     *Zip*

   Telephone: _____  Email: _____

FILED DATE: 4/30/2025 1:53 PM  2025L005724

Case Number: _____

c. **Second address** for this Defendant/Respondent:

☑ I do **not** have another address where the Defendant/Respondent might be found.

☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
<span style="padding-left:4em">*Street, Apt #*</span>

City, State, ZIP: _____
<span style="padding-left:4em">*City*</span> <span style="padding-left:10em">*State*</span> <span style="padding-left:4em">*Zip*</span>

Telephone: _____ Email: _____

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois ☑ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: _____
<span style="padding-left:4em">*County & State*</span>

---

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name  Sonya L. Whitaker _____
<span style="padding-left:4em">*First, Middle and Last Name*</span>

Registered Agent's name, if any _____
<span style="padding-left:10em">*First, Middle and Last Name*</span>

Street Address  c/o Hall-Jackson and Associates, 180 W. Washington St. Suite 820 ___
<span style="padding-left:6em">*Street, Apt #*</span>

City, State, ZIP:  Chicago, _____ IL _____ 60602 ___
<span style="padding-left:8em">*City*</span> <span style="padding-left:10em">*State*</span> <span style="padding-left:4em">*Zip*</span>

Telephone: _____ Email:  drsonyawhitaker@comcast.net _____

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

🛑 **STOP**  The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____
<span style="padding-left:4em">4/30/2025 1:53 PM Mariyana T. Spyropoulos</span>

Clerk of the Court: _____

*Seal of Court*

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 4/30/2025 1:53 PM  2025L005724

*Case Number: _____*



# NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

 Learn more about each step in the process and how to file in the instructions:
ilcourts.info/summons-instructions.

# NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:



**You have been sued:**
- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons):**
- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**
- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**
- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 4/30/2025 1:53 PM     2025L005724

*Case Number:* _____

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1ˢᵗ Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook _____  ☐▼
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Whitaker, Sonya L. _____
*Who started the case.*     *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** Kevin J. Nohelty and _____
*Who the case was filed against.*

Dolton West School District 148 _____

Board of Education _____
*First, Middle, and Last Name or Business Name*

_____
**Case Number**

**STOP** Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:
    *Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: _____
    *First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

    ☐ **Personally** on the Defendant/Respondent:
      ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

      Address, Unit#: _____

      City, State, ZIP: _____

    ☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
      Name of person served: _____
        *First, Middle, Last Name*

      ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

      Address, Unit#: _____

      City, State, ZIP: _____
      and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above

      address on this date: _____.

FILED DATE: 4/30/2025 1:53 PM   2025L005724

FILED DATE: 4/30/2025 1:53 PM   2025L005724

*Case Number:* _____

☐ On the **Business's agent:** _____

*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Second Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Third Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

---

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and
2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/_____  Print Your Name _____

You are: ☐ Sheriff in Illinois                    ☐ Special process server
         ☐ Sheriff outside Illinois: _____  ☐ Licensed private detective, license number: _____

*County and State*                                                          *License number*

**FEES:**

   Service and Return: $_____   Miles: $_____   Total: $ 0.00_____

Law Division Motion Section Initial Case Management Dates for C.ALENDAR A.BDGHIJKLXZ will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 6/30/2025 9:30 AM

FILED
4/30/2025 1:53 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L005724
Calendar, I
32508047

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DR. SONYA WHITAKER,<br>Plaintiff, | *<br>*<br>* |
| v. | *<br>* |
| | *. Civil Case No.: _____ |
| DR. KEVIN J. NOHELTY, Superintendent,<br>In his official and individual capacity, and | *<br>*     * |
| | * |
| DOLTON WEST SCHOOL DISTRICT<br>148 BOARD OF EDUCATION,<br>Defendants. | *<br>*<br>*<br>* |

*************************************************************************************************

## COMPLAINT  AND JURY TRIAL DEMAND

Plaintiff Dr. Sonya Whitaker, by and through her undersigned counsel, hereby submits this

Amended Complaint against Defendants Dr. Kevin J. Nohelty and Dolton West School

District 148 Board of Education, stating as follows:

### I.      INTRODUCTION

1. This is a civil action seeking declaratory relief, injunctive relief, back pay, front pay,

   compensatory damages, liquidated damages, and other remedies for violations of

   Plaintiff's rights under the Illinois Whistleblower Act, breach of employment contract,

   violations of due process, defamation, and tortious interference with contract.

### II.     PARTIES

2. Plaintiff, Dr. Sonya Whitaker, is a resident of Chicago, Cook County, Illinois, and

   was wrongfully terminated as the Deputy Superintendent of Schools for Dolton West

   School District 148 as of January 16, 2025, as confirmed in the termination letter

   dated January 21, 2025. Dr. Whitaker reported directly to Defendant, Dr. Kevin J.

   Nohelty, Superintendent of Schools.

1

FILED DATE: 4/30/2025 1:53 PM   2025L005724

3. Defendant, Dr. Kevin Nohelty, is the Superintendent of Schools and Chief School Business Official for Dolton West School District 148. He is sued in both his official and individual capacities.

4. Defendant, Dolton West School District 148 Board of Education, is a local public entity as defined by 745 ILCS 10/1-206 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, operating under the laws of the State of Illinois.

## III.  JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims in this action as they arise under the laws of the State of Illinois.

6. Venue is proper in this district pursuant to 735 ILCS 5/2-101, as the transactions out of which this cause of action arose occurred in Cook County, Illinois, and all defendants reside or have their principal place of business in Cook County.

## IV.  FACTUAL ALLEGATIONS

7. On October 22, 2019, Dr. Whitaker entered into a contractual agreement with Dolton West School District 148 to serve as Deputy Superintendent from July 1, 2020, to June 30, 2025. The contract with Dr. Whitaker was later extended to June 30, 2026. Dr. Whitaker is under contract as Deputy Superintendent of Schools as a professional employee.

8. Throughout her tenure, Dr. Whitaker consistently received "Excellent" performance ratings from Defendant Nohelty in all evaluated categories, including instructional leadership, school management, and community relations, for the 2020-2021, 2021-2022, and 2022-2023 school years. No deficiencies or performance related issues

2

FILED DATE: 4/30/2025 1:53 PM   2025L005724

were noted by Defendant Nohelty during the performance evaluation periods, and no notice was ever given to Plaintiff Whitaker by Defendant Nohelty concerning performance related issues or suspected violations of Plaintiff Whitaker's contract.

9.  In February 2024, the Board of Education approved a retroactive pay increase for Dr. Whitaker upon the recommendation of Defendant Nohelty, further demonstrating her exemplary performance.

10.  On May 22, 2024, Dr. Whitaker personally raised concerns with the members of the board of education about her concerns related to fiscal management of the superintendent of schools. She requested the opportunity to speak with the board formally and on the record regarding her concerns. Her request was not granted.

11.  On June 6, 2024, Dr. Whitaker again raised the concerns about the financial management of public funds within the District via voicemail to Board President Larry Lawrence, requesting that she needed to speak with the board president about her concerns related to fiscal management and the superintendent of schools. Specifically, Dr. Whitaker discovered that ESSER III funds were allocated to projects without proper documentation or board approval, potentially violating federal grant requirements. The board president indicated that he would grant Dr. Whitaker an audience with him upon his return from travel, however he never met with her nor allowed her to speak with the members of the board of education.

> Dr. Whitaker's ESSER III fund concerns included:
>
> a.  $13M reallocated without board approval (June 2024)
>
> b.  Documentation gaps violating financial control standards
>
> c.  ISBE watchlist confirmation

3

FILED DATE: 4/30/2025 1:53 PM   2025L005724

12. It was on the same day, June 6, 2024, that Dr. Whitaker also spoke with other board members seeking an audience regarding her concerns, to no avail.

13. On June 10, 2024, and again on June 24, 2024, Dr. Whitaker raised concerns about the fiscal management of public funds directly with Defendant Nohelty, the superintendent of schools. Specifically, Dr. Whitaker raised concerns related to the reallocation of approximately thirteen million dollars ($13,000,000) of the federal Elementary and Secondary School Emergency Relief Funds (ESSER III).

14. Dr. Whitaker was directed by Defendant Nohelty to plan to make changes to the ESSER III Grant after the funds had already been allocated in the budget line-item statement as presented to the Illinois State Board of Education and to the Dolton West School District 148 board in numerous public Board of Education meetings.

15. Within two weeks of raising these concerns and refusing to participate in the wrongdoing, Dr. Whitaker was excluded from key meetings and decision-making processes, demonstrating a clear temporal connection between her protected activity and the adverse actions.

16. On July 2, 2024, without warning or following proper procedures as required in the District's policies, Defendant Nohelty suspended Dr. Whitaker with pay, without specific notice of the charges and in violation of the Board's policies. The notice indicated that the paid administrative leave was to end on July 15, 2024.

17. On, or about July 2, 2024, Defendant Nohelty engaged members of the superintendent's cabinet to review Dr. Whitaker's previously approved reports to the Board of Education under the guise of, and as pretext for claiming to find misstatements or false content. Defendant Nohelty used the false "investigation" as an act of retaliation and to provide fraudulent support for the anticipated termination

4

FILED DATE: 4/30/2025 1:53 PM   2025L005724

process, as was established in the testimony of members of the cabinet in the termination hearing of Dr. Whitaker that was held between September 23, 2024, and November 18, 2024.

18. On or about August 7, 2024, Dr. Whitaker spoke with the Deputy Officer for Instructional Education for the Illinois State Board of Education about her concerns, and confirmed those concerns in an email, detailing the content of their phone conversation.

19. On August 19, 2024, Defendant Nohelty issued a pre-suspension notification letter indicating the Board's intent to consider both suspension without pay and termination of Dr. Whitaker. The Defendants failed to comply with Board Policy 5:240 on Suspension and Policy 2:260 on Uniform Grievance Procedure by failing to provide proper notice and due process.

20. In the notice, Defendants accused Dr. Whitaker of 20 alleged acts of misconduct, including theft of public property and unlawful harassment.

21. In September 2024, the Illinois State Board of Education issued School District Financial Profile Scores indicating that Dolton West School District 148 received the lowest financial profile of any reporting school district in the State of Illinois based on 2023 financial data, being placed on the financial watch list for the second year in a row. This report directly corroborates Dr. Whitaker's concerns about financial mismanagement within the District.

22. In September 2024, members of the Dolton West School District 148 were made aware of the District's financial status contained in the report at a public session meeting of the Board. Dr. Nohelty had not previously informed the Board of the District's financial condition.

FILED DATE: 4/30/2025 1:53 PM    2025L005724

23. On September 5, 2024, Hon. Mathias Delort was appointed by the Board of Education to serve as the independent hearing officer during the pre-termination process.

24. Dr. Sonya Whitaker, nor her counsel were permitted to participate in the selection process of the independent hearing officer.

25. During the September 5, 2024, Board meeting, Hearing Officer Delort was asked about prior relationships with either of the firms involved in the investigation and administrative processes against Dr. Whitaker. Hearing Officer Delort indicated no prior relationship with the firms. However, Hearing Officer Delort failed to disclose to the Board that he had worked with the board attorney who conducted the investigation into the allegations against Dr. Whitaker, and who had also reached out to him to recruit his service as independent hearing officer.

26. Upon information and belief, Defendant Nohelty and Board President Lawrence held multiple private meetings to discuss ways to remove Dr. Whitaker from her position after she raised concerns about fund misallocation and refused to participate in the wrongdoing.

27. **Upon information and belief, Defendant Nohelty and Board Chair Lawrence tortiously secured the termination testimony against Dr. Whitaker by manipulating the Board of Education to approve multi-year contracts for witnesses who would be relied upon to testify against Dr. Whitaker during the pre-termination hearing.**

28. Defendants manipulated the disciplinary process by presenting unsubstantiated allegations and deliberately violating established procedures to expedite Dr. Whitaker's removal without proper investigation or due process. This misuse of the process was intended to silence Dr. Whitaker's protected speech regarding

6

FILED DATE: 4/30/2025 1:53 PM    2025L005724

misallocation of funds and to retaliate against her for raising these concerns, rather than to address any legitimate disciplinary issues.

29. Hearing Officer Delort oversaw several days of the pre-termination hearing from September thru December 2024. At no point during this period did Hearing Officer Delort update the Board concerning his prior relationship with Board counsel.

30. During the pre-termination hearings, Dr. Whitaker requested to call members of the Board of Education as fact witnesses in her matter, as many of the allegations made by employees referenced alleged conduct by Dr. Whitaker in the presence of named Board members.

31. The request to call current members of the Board of Education became necessary after the District's counsel objected to the former board chair of the District coming to testify due to standing court orders prohibiting the former member's presence on District grounds and the District's assertion that it would not lift the no trespass order that had been issued.

32. The District was then tasked with making technology considerations for remote testimony. Those considerations were not achieved.

33. After brief argument from counsels before the Hearing Officer, the request to call members of the Board of Education was denied, constituting a constraint on Dr. Whitaker's due process rights under *Stratton v. Wenona Cmty. Unit Dist. No. 1,* 2022 IL App (3d) 210187.

34. On December 20, 2024, Hearing Officer Delort issued the Final Report and Recommendations concerning Dr. Whitaker. In the report, Hearing Officer Delort describes the acknowledgement of the prior working relationship with District counsel who had investigated Dr. Whitaker, and had recruited him to serve as

hearing officer. That disclosure, per the report, took place on September 20, 2024. However, that disclosure was never shared with the Board to determine whether a conflict existed that would inhibit Dr. Whitaker's right to a fair hearing.

35. Hearing Officer Delort's report also makes substantive errors indicating a grave misunderstanding of the process to be followed. Namely, Hearing Officer Delort considered the September 5, 2024, suspension hearing before the Board of Education the "pre-termination hearing." Further, Hearing Officer Delort references the actual hearing conducted between September and December 2024, as the "post-termination hearing."

36. On January 16, 2025, Dr. Whitaker was terminated from her role with Dolton West School District 148 Board of Education at the direction of Dr. Nohelty, as confirmed in the termination letter dated January 21, 2025, which referenced the Board's adoption of Hearing Officer Delort's Final Report and Recommendations.

37. There has been no notice of, nor a setting for any such "post-termination hearing" in this matter.

38. But for Dr. Whitaker's protected whistleblowing activities regarding the misallocation of ESSER III funds, she would not have been subjected to adverse employment actions culminating in her termination.

39. As a result of Defendants' actions, Dr. Whitaker has suffered loss of income exceeding $250,000, severe and extreme emotional distress, legal fees and costs, and significant damage to her professional reputation in the education community.

FILED DATE: 4/30/2025 1:53 PM    2025L005724

## V.    CLAIMS

### COUNT I – VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT
*(All Defendants)*

40. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

41. The Illinois Whistleblower Act, 740 ILCS 174/1 et seq., as amended effective January 1, 2025, prohibits retaliation against employees who disclose information about suspected violations of state or federal laws, rules, or regulations.

42. Pursuant to the Illinois Whistleblower Act (740 ILCS 174/15 and 174/20): an Employer may not retaliate against any employee for disclosing information to agencies or refusing to participate in an activity in which the employee had "reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

43. The 2025 amendments to the Illinois Whistleblower Act expanded the definition of "retaliatory action" to include any action that would dissuade a reasonable worker from engaging in protected activity, increased available remedies to include liquidated damages, and provided for civil penalties up to $10,000 per violation.

44. Dr. Whitaker reasonably believed that Defendant Nohelty misused federal funds when $13 million dollars of ESSER III funds were reallocated and the ESSER III budget was revised by Defendant Nohelty without complete disclosure to the Board.

45. Dr. Whitaker's reporting of potential misuse of federal funds falls squarely within the protected activities under the Illinois Whistleblower Act, as it involves disclosure of suspected violations of federal regulations governing grant fund usage based on a reasonable belief.

46. Dr. Whitaker engaged in protected activity when she:

FILED DATE: 4/30/2025 1:53 PM    2025L005724

a. Raised concerns with board members on May 22, 2024;

b. Reported concerns to Board President Lawrence on June 6, 2024;

c. Reported concerns to the board vice-president on June 6, 2024;

d. Reported concerns to Defendant Nohelty on June 10 and June 24, 2024; and

e. Reported concerns to the Illinois State Board of Education on August 7, 2024.

47. Defendants' retaliatory actions against Dr. Whitaker included:

a. Exclusion from key meetings within two weeks of her protected activity;

b. Suspension with pay on July 2, 2024;

c. Initiation of a pretextual investigation on July 2, 2024;

d. Pre-suspension notification on August 19, 2024;

e. Suspension without pay on September 5, 2024;

f. Public humiliation through broadcast of defamatory allegations on September 5, 2024; and

g. Termination on January 16, 2025.

48. But for Dr. Whitaker's protected whistleblowing activities, Defendants would not have taken these adverse actions against her.

49. The temporal proximity between Dr. Whitaker's protected activities and the adverse employment actions, combined with her history of excellent performance evaluations and recent merit pay increase, demonstrates a clear causal connection between her whistleblowing and the retaliation she suffered.

50. Defendants' retaliatory actions against Dr. Whitaker violated Section 15(b) of the Illinois Whistleblower Act when they terminated her employment with the District on January 16, 2025.

FILED DATE: 4/30/2025 1:53 PM    2025L005724

51. Defendants' retaliatory actions against Dr. Whitaker caused economic, emotional, and reputational harm to Dr. Whitaker.

## COUNT II – BREACH OF EMPLOYMENT CONTRACT
*(All Defendants)*

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

53. Dr. Whitaker entered into a valid and enforceable employment contract with Dolton West School District 148 on October 22, 2019, which was later extended through June 30, 2026.

54. Dr. Whitaker performed all duties required under the contract and consistently received "Excellent" performance ratings.

55. Defendants breached the employment contract by terminating Dr. Whitaker without proper cause and in violation of the contractual terms governing termination procedures.

56. Defendants' breach of contract has caused Dr. Whitaker to suffer damages including lost wages, benefits, and other compensation she would have received had the contract been honored through its full-term ending June 30, 2026.

57. Defendants' actions against Dr. Whitaker caused economic, emotional, and reputational harm to Dr. Whitaker.

## COUNT III – DUE PROCESS VIOLATIONS
*(All Defendants)*

58. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

59. As a public employee with a contractual right to continued employment through June 30, 2026, Dr. Whitaker had a protected property interest in her continued employment.

11

FILED DATE: 4/30/2025 1:53 PM    2025L005724

60. Article I, Section 2 of the Illinois Constitution of 1970 provides: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

61. Board Policy 5:240 on Suspension and Policy 2:260 on Uniform Grievance Procedure establish specific procedural requirements that must be followed before an employee can be suspended or terminated.

62. Defendants violated these policies and Dr. Whitaker's due process rights under the Illinois Constitution by:

   a. Failing to follow the progressive discipline procedures outlined in District policies;

   b. Denying Dr. Whitaker the opportunity to call and question named members of the Board who had been referenced as being present for some of the alleged incidents that the District maintained constituted a violation of District policy;

   c. Failing to provide adequate notice and a meaningful opportunity to be heard prior to termination.

63. These procedural violations deprived Dr. Whitaker of her right to fair process before being deprived of her property interest in continued employment, as required by Illinois law (*Stratton v. Wenona Cmty. Unit Dist. No. 1*, 2022 IL App (3d) 210187; *Lewis E. v. Spagnolo*, 186 Ill. 2d 198 (1999)).

64. Defendants' actions against Dr. Whitaker caused economic, emotional, and reputational harm to Dr. Whitaker.

## COUNT IV – COMMON LAW RETALIATORY DISCHARGE
### *(All Defendants)*

65. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12

FILED DATE: 4/30/2025 1:53 PM    2025L005724

66. Plaintiff was discharged from her position as Deputy Superintendent on January 16, 2025, by Defendants' adoption of Hearing Officer Delort's recommendation.

67. Plaintiff engaged in protected activity under Illinois public policy by:

    a. Reporting misuse of $13M in federal ESSER III funds to internal administrators (May–June 2024);

    b. Refusing to participate in unlawful reallocation of funds as directed by Defendant Nohelty (June 24, 2024);

    c. Disclosing financial mismanagement to the Illinois State Board of Education (August 7, 2024).

68. Plaintiff's termination violates Illinois' clearly mandated public policy, as articulated in:

    a. The Illinois Constitution's guarantee of government integrity (Ill. Const. 1970, Preamble; Art. VIII, §1);

    b. Federal grant compliance regulations (2 C.F.R. §200.302);

    c. The Illinois Whistleblower Act's recognition of public fund misuse as a matter of statewide concern (740 ILCS 174/5).

69. The temporal proximity between Plaintiff's protected activity (final report: June 24, 2024) and her suspension (July 2, 2024) and termination (January 16, 2025), combined with Defendants' pretextual investigation and denial of due process, establishes retaliation as the motivating factor for discharge (*Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494 (2009)).

70. Plaintiff suffered lost wages exceeding $250,000, emotional distress, reputational harm, and loss of career advancement opportunities.

FILED DATE: 4/30/2025 1:53 PM  2025L005724

71. Plaintiff engaged in protected activity by repeatedly disclosing, both internally and externally, her reasonable belief that Defendant Nohelty was misallocating and mismanaging federal ESSER III funds, in violation of federal grant requirements and state law.

72. Plaintiff's protected disclosures included, but were not limited to:

   a. Raising concerns with members of the Board of Education on May 22, 2024;

   b. Reporting concerns to Board President Lawrence and the board vice-president on June 6, 2024;

   c. Reporting concerns to Defendant Nohelty, Superintendent, on June 10 and June 24, 2024;

   d. Reporting concerns to the Illinois State Board of Education on August 7, 2024.

73. Plaintiff also refused to participate in the misallocation of federal funds, as directed by Defendant Nohelty, which would have constituted a violation of federal law.

74. In direct retaliation for Plaintiff's protected disclosures and refusal to participate in unlawful conduct, Defendants subjected Plaintiff to escalating adverse employment actions, culminating in her retaliatory dismissal on January 16, 2025.

### COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT
*(All Defendants)*

75. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

76. Dr. Whitaker had a valid contractual relationship with Dolton West School District 148 through June 30, 2026.

77. Defendant Nohelty was aware of this contractual relationship and had recommended extensions to Dr. Whitaker's initial contract terms.

14

FILED DATE: 4/30/2025 1:53 PM   2025L005724

78. Defendant Dolton West School District 148 Board of Education was aware of the contractual relationship with Dr. Whitaker as the Board of Education ratified all personnel actions concerning performance, contract terms, and salary since Dr. Whitaker first joined the District in 2019.

79. Defendant Nohelty intentionally and unjustifiably induced the Board to breach Dr. Whitaker's employment contract by:

  a. Initiating the completion of a pretextual investigation report on July 2, 2024;

  b. Engaging cabinet members (District employees) to review previously Superintendent-approved reports to find or fabricate evidence against Dr. Whitaker;

  c. Presenting false allegations to the Board without factual basis;

  d. Recommending Dr. Whitaker's suspension and termination without legitimate cause;

  e. Recommending Dr. Whitaker's termination for conduct wherein Dr. Whitaker had not been given notice concerning the alleged acts prior to the adverse actions being initiated;

  f. Defendant Nohelty acted to conceal fiscal mismanagement by initiating Dr. Whitaker's termination for conduct that Dr. Whitaker had received no notice; and

  g. Holding private meetings with Board President Lawrence to orchestrate Dr. Whitaker's removal.

80. Defendant Nohelty and Board Chair Larry Lawrence worked in concert to remove Dr. Whitaker from her position.

FILED DATE: 4/30/2025 1:53 PM    2025L005724

81. Board Chair Larry Lawrence improperly influenced the process of Dr. Whitaker's eventual termination by making it clear to other board members that he intended to "take care of Whitaker."

82. Board Chair Lawrence improperly and tortiously used his position to deny Plaintiff Whitaker of due process in her protected interest of her employment as Deputy Superintendent by coordinating with members of the Board of Education the eventual actions taken against Plaintiff Whitaker.

83. As a direct result of Defendant Nohelty and the Board of Education's tortious interference, Dr. Whitaker's employment contract was breached, causing her significant financial and professional harm.

84. Defendants' actions against Dr. Whitaker caused economic, emotional, and reputational harm to Dr. Whitaker.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests:

a. Issue a declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of Illinois;

b. Issue an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

c. Award damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm in excess of $250,000.00;

d. Award compensatory damages in an amount to be determined at trial, including but not limited to back pay, front pay, retirement contribution, and damages for emotional distress and reputational harm;

16

FILED DATE: 4/30/2025 1:53 PM    2025L005724

e. Award liquidated damages under the amended Illinois Whistleblower Act;

f. Impose civil penalties against Defendants up to $10,000 as provided under the amended Illinois Whistleblower Act;

g. Grant injunctive relief, including reinstatement of Dr. Whitaker to her position as Deputy Superintendent and removal of any adverse employment actions from Plaintiff's personnel record;

h. Award pre-judgment and post-judgment interest at the highest lawful rate;

i. Award attorney's fees and costs pursuant to applicable statutes;

j. Grant such other and further relief as this Court deems just and proper.

**Dated:** April 28, 2025                    Respectfully submitted,


/s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson, Esq., #57528
Hall-Jackson & Associates, PC
180 West Washington Street, Suite 820
Chicago, IL 60602
(312) 255-7105
chj@hall-jacksonandassociates.com
*One of Plaintiff's Attorneys*


/s/ Sheridan "Todd" Yeary
Sheridan "Todd" Yeary, Esq., #102472
The Yeary Firm, LLC
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*One of Plaintiff's Attorneys*

FILED DATE: 4/30/2025 1:53 PM   2025L005724

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

DR. SONYA WHITAKER,                          *
            Plaintiff,                     *
                                          *
            v.                            *
                                          *.   Civil Case No._____
DR. KEVIN J. NOHELTY, Superintendent,        *
In his official and individual capacity, and *
                                          *
DOLTON WEST SCHOOL DISTRICT                   *
148 BOARD OF EDUCATION,                       *
            Defendants.                    *
                                          *
*******************************************************************************************************

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all matters so triable.

Dated: April 28, 2025                          Respectfully submitted,


                        /s/ Chiquita Hall-Jackson
                        Chiquita Hall-Jackson, Esq., #57528
                        Hall-Jackson & Associates, PC
                        180 West Washington Street, Suite 820
                        Chicago, IL 60602
                        (312) 255-7105
                        chj@hall-jacksonandassociates.com
                        *One of Plaintiff's Attorneys*


                        /s/ Sheridan "Todd" Yeary
                        Sheridan "Todd" Yeary, Esq., #102472
                        The Yeary Firm, LLC
                        P.O. Box 682
                        Columbia, MD 21045
                        (202) 770-7204 (o); (410) 275-3199 (f)
                        styeary@yearylegal.com
                        *One of Plaintiff's Attorneys*

Date: 5/27/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602

Nohelty Kevin  J.
114 W. 144TH ST.
Riverdale
IL - 60827
      NOTICE OF ZOOM CASE MANAGEMENT
      CASE: 2025L005724
Sonya Whitaker -vs- DOLTON WEST SCHOOL DISTRICT 148 BOARD OF EDUCATION,Kevin  No

This cause is scheduled for initial case management via Zoom

before Judge,  Green, Jonathan Clark

 On Monday  June  30  2025 at 09:30 AM

      ** DO NOT APPEAR IN PERSON **

To access Zoom by video go to https://zoom.us/join then

enter the access code and password listed below.

ZOOM ACCESS CODE: 911 3870 7020   PASSWORD: 035427

To access Zoom by phone, call 312-626-6799 and then enter

the access code and password listed above.

For questions email: Law.Calicc@cookcountyil.gov

You cannot access Zoom until your scheduled hearing date.

All attorneys of record and self-represented litigants are

required to appear via Zoom and advise the court as to the status of the case.