**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | |
|---|---|
| DR. SONYA WHITAKER,<br>Plaintiff,<br><br>v.<br><br>DR. KEVIN J. NOHELTY, Superintendent,<br>In his official and individual capacity, and<br><br><br>DOLTON WEST SCHOOL DISTRICT<br>148 BOARD OF EDUCATION,<br>Defendants. | \*<br>\*<br>\* Civil Case No.: 1:25-CV-06055<br>\*<br>\*. Judge: Hon. Mary M. Rowland<br>\*.<br>\*<br>\*. (Circuit Court of Cook County, Illinois,<br>\* Civil Action No. 2025 L 005724)<br>\*<br>\*<br>\*<br>\*<br>\* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND**
**REQUEST FOR COSTS AND FEES**

**I.     INTRODUCTION**

Defendants have improperly removed this state law action based on a fundamental misunderstanding of federal removal jurisdiction and a material mischaracterization of the pleadings. This Court lacks subject matter jurisdiction and should remand this action to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**II.     BACKGROUND**

Plaintiff filed her state court complaint on April 30, 2025, asserting five causes of action arising exclusively under Illinois law based on conduct occurring between September 2024 and January 2025. The complaint challenges the flawed pre-termination hearing process and Plaintiff's ultimate termination on January 16, 2025. Defendants removed on May 30, 2025, falsely claiming

1

the state and federal cases are "based on the exact same conduct" and misapplying the artful pleading doctrine.

### III.   ARGUMENT

#### A. Defendants Bear a Heavy Burden to Establish Federal Jurisdiction That They Cannot Meet

Federal courts are courts of limited jurisdiction, and removal statutes must be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction, and any doubt regarding the propriety of removal must be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The cornerstone of removal jurisdiction is the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

#### B. The State Complaint Presents No Federal Question and Is Not Subject to the Artful Pleading Doctrine

*1. The Complaint Asserts Only State Law Claims*

Plaintiff's State Complaint contains five counts, all arising under Illinois law:

     a.  Count I: Illinois Whistleblower Act (740 ILCS 174/1 et seq.)

     b.  Count II: Breach of Employment Contract (Illinois contract law)

     c.  Count III: Due Process Violations (Illinois Constitution, Article I, Section 2)

     d.  Count IV: Common Law Retaliatory Discharge (Illinois common law)

     e.  Count V: Tortious Interference with Contract (Illinois tort law)

None of these claims presents a federal question on the face of the complaint, nor are they preempted by federal law.

### 2. *Defendants Misapply the Artful Pleading Doctrine*

The artful pleading doctrine is "a narrow exception to the well-pleaded complaint rule" that applies only in limited circumstances. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The doctrine allows removal where "federal law completely preempts a plaintiff's state-law claim." *Id.* (emphasis added).

Defendants fundamentally misunderstand this doctrine in several ways:

#### a. *No Complete Preemption Exists*

Complete preemption occurs only when "Congress has either (1) so completely preempted (or entirely substituted) a state law cause of action for a federal one that a plaintiff cannot avoid removal by declining to plead, or (2) expressly provided for the removal of particular actions asserting state law causes of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Defendants cite no authority establishing that federal law has completely preempted any of Plaintiff's state law claims. The Illinois Whistleblower Act specifically protects disclosures of violations of Illinois laws and regulations. Illinois contract law, state constitutional due process claims, and common law tort claims remain viable causes of action not subject to federal preemption.

#### b. *Separate Lawsuits Do Not Trigger Artful Pleading*

Defendants erroneously argue that the existence of a separate federal lawsuit with "common facts" justifies removal under the artful pleading doctrine. This fundamentally misunderstands the doctrine's purpose and application. The artful pleading doctrine does not permit removal simply because a plaintiff has filed separate lawsuits involving related parties or some overlapping facts.

The Supreme Court in *Rivet* explicitly rejected attempts to expand the artful pleading doctrine beyond complete preemption scenarios. The Court emphasized that "claim preclusion by reason of a prior federal judgment is a defensive plea that does not provide a basis for removal." *Rivet*, 522 U.S. at 478.

      3. *Defendants' Factual Assertions Are Materially False*

          a. *The Complaints Are Not "Based on the Exact Same Conduct"*

Defendants' Notice of Removal repeatedly asserts that the state and federal complaints are "based on the exact same conduct" and allege "the same factual allegations and causes of action." This is demonstrably false:

I. Temporal Distinction:

    a. The *Federal Complaint* challenges conduct culminating in Plaintiff's suspension *without pay* on September 5, 2024.

    b. The *State Complaint* challenges conduct occurring *after* September 5, 2024, including the pre-termination hearing process (September-December 2024) and final termination (January 16, 2025).

II. Legal Claims Distinction:

    a. The *Federal Complaint* asserts claims under 42 U.S.C. §§ 1981, 1983, and 1985(3).

    b. The *State Complaint* contains no federal claims and specifically pleads due process violations under the *Illinois Constitution*, not the federal Constitution.

III. Factual Focus Distinction:

    a. The *Federal Complaint* focuses on the September 5, 2024, suspension and alleged racial discrimination.

b. The *State Complaint* focuses on procedural violations during the pre-termination hearings, including denial of the right to call Board members as witnesses and the hearing officer's undisclosed conflict of interest, as well as the board action terminating Plaintiff Whitaker.

4. The Claims Are Not Identical

A comparison of the actual claims demonstrates their distinct nature:

| Federal Complaint | State Complaint |
|---|---|
| 42 U.S.C. § 1981 (racial discrimination) | Illinois Whistleblower Act |
| 42 U.S.C. § 1983 (First Amendment retaliation) | Breach of contract |
| 42 U.S.C. § 1983 (Equal Protection) | Illinois Constitution due process |
| Civil conspiracy (42 U.S.C. § 1985(3)) | Common law retaliatory discharge |
| Illinois Whistleblower Act | Tortious interference |
| Breach of contract | |
| Abuse of process | |
| Defamation | |

While both complaints include Illinois Whistleblower Act and breach of contract claims, they are based on different operative facts, distinct tortious acts, and seek different relief.

**C. Defendants' Legal Arguments Lack Merit**

1. *The "Dependency" Argument Fails*

Defendants argue that "resolution of the state law claims depend on the resolution of the federal claims." This argument lacks legal foundation. The test for federal question jurisdiction is not whether state claims might be influenced by federal law, but whether federal law creates the cause of action. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

The Illinois Constitution due process claim (Count III) can be resolved entirely under Illinois law without reference to federal constitutional principles. Similarly, the Illinois Whistleblower Act claim protects disclosures of Illinois law violations and does not depend on federal law interpretation.

### 2. *Misuse of Fowler Citation*

Defendants cite *Fowler v. Evansville Convention & Visitors Bureau*, 2010 U.S. Dist. LEXIS 114429 (S.D. Ind.), for the proposition that claims arising from the same facts should be decided together. However, *Fowler* addresses the "separate and independent claim" standard under 28 U.S.C. § 1441(c), which defendants do not invoke as a basis for removal. Moreover, *Fowler* does not support removal based on factual overlap between separate lawsuits.

### 3. *Mischaracterization of Rivet*

Defendants quote *Rivet* for the proposition that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." However, they ignore *Rivet*'s holding that the artful pleading doctrine applies only where federal law completely preempts state claims. *Rivet* actually supports Plaintiff's position by emphasizing the narrow scope of the artful pleading exception.

### 4. *Supplemental Jurisdiction Does Not Cure the Jurisdictional Defect*

Defendants argue that this Court would have supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). This argument fails because supplemental jurisdiction requires an underlying federal claim over which the court has original jurisdiction. Without a federal question or diversity jurisdiction, there is no anchor claim to support supplemental jurisdiction.

### D. Defendants' Removal is Improper as it is Premised on a Pretextual and Wholly Insubstantial Federal Claim

Defendants' removal action constitutes a form of "fraudulent removal," which occurs when a defendant's assertion of federal jurisdiction is "made in bad faith or is wholly insubstantial". Removal statutes are to be strictly construed against removal, and the removing party bears a heavy burden of proving that jurisdiction is proper. Here, Defendants fail to meet that burden. They have manufactured federal question jurisdiction by asserting a federal claim for suspension that their own arguments reveal to be a pretextual and inseparable component of a state-law wrongful termination claim. This tactic offends notions of federalism, wastes judicial resources, and constitutes a "fraud upon the court" that warrants immediate remand.

#### 1. Defendants' "Single Transaction" Argument is a De Facto Admission of Pretext

The core of Defendants' notice of removal rests on the argument that Dr. Whitaker's suspension without pay (the purported federal claim) and her subsequent termination (the state-law claim) are part of the same transaction. This strategic characterization, while convenient for their removal effort, fatally undermines the legitimacy of the federal claim itself by exposing it as pretextual.

The Seventh Circuit has consistently held that pretext can be inferred from an employer's shifting and inconsistent explanations for an adverse employment action. In *Hitchcock v. Angel Corps, Inc.*, the court found that "shifting explanations" that are "sufficiently inconsistent or otherwise suspect" are enough to "create a reasonable inference that they do not reflect the real reason for [the employee's] firing." *No. 12-3515 (7th Cir. June 11, 2013)*. The court warned that when an employer piles on "ever-evolving justifications," it "could lead a juror to wonder whether [it] can ever get its story straight." *Id.*

That is precisely what has occurred here. For disciplinary purposes, Defendants treated the suspension and termination as distinct events. Now, for jurisdictional purposes, they argue the acts are a single, unified plan. This is the exact type of "shifting explanation" that the Seventh Circuit identifies as strong evidence of pretext. Defendants cannot have it both ways. Their admission that the suspension was merely one step in a "single transaction" leading to termination is a concession that the suspension had no independent, legitimate basis. Instead, it was an instrumental step to achieve the ultimate goal: the unlawful termination of Dr. Whitaker's employment.

### 2. The Pretextual Federal Claim is "Wholly Insubstantial" and Cannot Support Jurisdiction

Because the suspension was a pretextual tool to effectuate the termination, the federal claim "arising" from it is illusory and cannot serve as the hook for federal jurisdiction. A defendant's right to remove a case cannot be based on a claim that is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

While the doctrine of "fraudulent joinder" typically applies to defendants added to defeat diversity jurisdiction, its underlying principle is instructive. To establish fraudulent joinder in the Seventh Circuit, a removing defendant must show that the plaintiff has "no chance of success" against the non-diverse defendant. Analogously, Defendants here attempt to *create* federal question jurisdiction through what is effectively a "fraudulent assertion" of a federal claim. The pretextual nature of the suspension claim demonstrates that it has no chance of success as a standalone cause of action because it is inextricably linked to the state-law termination claim.

By asserting a federal claim that their own arguments expose as pretextual, Defendants are engaging in a form of jurisdictional gamesmanship that the Seventh Circuit disfavors. The court has expressed its reluctance to expand removal doctrines where there are no "sound policy reasons to justify such an expansion," signaling a commitment to policing the federal-state jurisdictional

boundary. *Morris v. Nuzzo*, No. 12-3220 (7th Cir. May 23, 2013). Allowing removal based on a pretextual federal claim would create a perverse incentive for employers to manufacture meritless federal issues to escape state court forums for what are fundamentally state-law disputes.

### 3. *Remand is the Required Remedy for Improper Removal*

When a court determines that the federal claim serving as the basis for removal is insubstantial, it must dismiss that claim and remand the case. Once the pretextual federal suspension claim is dismissed, this Court will lack original jurisdiction over the action. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may then decline to exercise supplemental jurisdiction over the remaining state-law claims. In such circumstances, remand is not only appropriate but necessary to respect the principles of federalism and the limited jurisdiction of federal courts.

Defendants' attempt to secure a federal forum through the assertion of a transparently pretextual claim is improper. They have failed to meet their burden to "convincingly" demonstrate that federal jurisdiction exists. Accordingly, this Court should reject this improper removal, dismiss the insubstantial federal claim, and remand the entire action to the state court where it rightfully belongs.

### E. **Policy Considerations Support Remand**

#### 1. *Respect for State Court Jurisdiction*

Federal courts should be "especially reluctant to find removal jurisdiction" in cases involving state employment law and constitutional claims. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Illinois courts are fully competent to adjudicate claims arising under Illinois law, including the Illinois Constitution and Illinois Whistleblower Act.

### 2. *Prevention of Forum Shopping*

Defendants' removal appears to be an improper attempt at forum shopping rather than a legitimate assertion of federal jurisdiction. Allowing removal on such tenuous grounds would undermine the well-pleaded complaint rule and encourage defendants to manufacture federal jurisdiction through creative pleading arguments.

### F. **Plaintiff Is Entitled to Costs and Attorney Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts in this district have awarded fees where removal was objectively unreasonable. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). Given the clear misstatements of law and fact in the Notice of Removal, Plaintiff should be awarded her costs and fees.

## IV.    CONCLUSION

Defendants have failed to establish any valid basis for federal jurisdiction. Their removal is based on fundamental misunderstandings of the artful pleading doctrine, material mischaracterizations of the pleadings, and legally insufficient arguments about claim dependency. The state court complaint presents purely state law claims that can and should be adjudicated in Illinois state court.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. GRANT this Motion to Remand and enter an order remanding this action to the Circuit Court of Cook County, Illinois, County Department, Law Division;

2. AWARD Plaintiff her just costs and actual expenses, including attorney fees, incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c); and

3  GRANT such other and further relief as the Court deems just and proper.

**Dated:** June 13, 2025                    Respectfully submitted,

**The Yeary Firm, LLC**

By: /s/ Sheridan T. Yeary
Sheridan Todd Yeary, Esq.; ID#: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com

**Hall-Jackson and Associates, P.C.**

By: /s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson, Esq.; ID#:
180 West Washington Street, Suite 820
Chicago, Illinois 60602
chj@hall-jacksonandassociates.com
(312) 255-7105
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I filed the foregoing Motion to Remand to State Court and Request for Costs and Fees to opposing counsel of record via CM/ECF and electronic mail to the following:

Kathleen M. Kunkel, Esq. -
kkunkle@ancelglink.com Richard M. Bruen, Esq. –
rbruen@ancelglink.com

**The Yeary Firm, LLC**

By: /s/ Sheridan T. Yeary
Sheridan T. Yeary, Esq.; ID#: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*