IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| DR. SONYA WHITAKER, <br>     Plaintiff, <br><br> v. <br><br> DR. KEVIN J. NOHELTY, Superintendent, <br> In his official and individual capacity, <br><br> and <br><br> DOLTON WEST SCHOOL DISTRICT <br> 148 BOARD OF EDUCATION, <br>     Defendants. | * <br> * <br> *   Civil Case No.: 1:24-cv-08308 <br> *   Judge: Hon. Franklin U. Valderrama <br> * <br> * <br> *   Related Case No.: 1:25-cv-06055 <br> *   Judge: Hon. Mary M. Rowland <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*****************************************************************************

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE AND/OR REASSIGN RELATED CASES

Plaintiff, Dr. Sonya Whitaker, by and through her counsel, respectfully submits this Response in Opposition to Defendants' Motion to Consolidate and/or Reassign Related Case [Dkt. 38]. Defendants' motion should be denied because it is procedurally premature, factually inaccurate, and legally unsound. The two actions at issue involve distinct legal claims and arise from different core factual events. Forcing consolidation would prejudice Dr. Whitaker by substantially delaying her initial federal case and would create judicial inefficiency by commingling disparate legal theories, all while this Court's jurisdiction over the second action remains in serious doubt.

**I.     INTRODUCTION**

Defendants seek to consolidate two fundamentally different lawsuits under the guise of judicial economy. The first action, Case No. 24-cv-08308 (*Whitaker I*), challenges Defendants' retaliatory conduct, racial discrimination, and constitutional violations culminating in Dr. Whitaker's unlawful suspension in September 2024. The second, Case No. 25-cv-06055 (*Whitaker*

1

*II*), was filed in state court and challenges the subsequent flawed pre-termination hearing process and her ultimate wrongful termination in January 2025, asserting claims exclusively under Illinois state law.

Defendants' motion rests on the false premise that the two complaints involve "identical" facts and law. This is demonstrably incorrect. Furthermore, their motion strategically ignores that Dr. Whitaker has filed a Motion to Remand *Whitaker II* to state court, arguing this Court lacks subject matter jurisdiction. Consolidation is therefore improper for three primary reasons:

A. **Prematurity:** The pending Motion to Remand, if granted, would divest this Court of jurisdiction over *Whitaker II*, rendering the consolidation request moot.

B. **Legal and Factual Dissimilarity:** The cases are not "related" as Defendants claim. They are founded on different legal theories (federal civil rights vs. state constitutional and tort law) and arise from different transactions separated by several months (a suspension versus a termination proceeding).

C. **Prejudice and Inefficiency:** Forcing these cases together would substantially delay the more advanced *Whitaker I* and create significant risk of jury confusion, undermining the very purpose of consolidation.

## II. PROCEDURAL HISTORY

Dr. Whitaker filed her initial federal complaint (*Whitaker I*) on September 12, 2024, which was amended on December 5, 2024. This action alleges violations of her federal rights under 42 U.S.C. §§ 1981, 1983, and 1985(3), alongside supplemental state claims, all relating to events leading up to her suspension on September 5, 2024. The parties have already engaged in an initial round of written discovery in this matter.

On April 30, 2025, Dr. Whitaker filed a separate complaint (*Whitaker II*) in the Circuit Court of Cook County. This state-court action raises five claims exclusively under Illinois law, focusing on conduct that occurred *after* the filing of *Whitaker I*, including due process violations during her pre-termination hearings and her eventual termination on January 16, 2025.

Defendants removed *Whitaker II* to this Court on May 30, 2025, and on June 13, 2025, Plaintiff filed a Motion to Remand, asserting a lack of federal subject matter jurisdiction. On the same day, Defendants filed the instant Motion to Consolidate.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact". The decision to consolidate rests within the "broad discretion" of the district court. This discretion is guided by a balancing of the interest in judicial economy against the potential for prejudice, delay, or jury confusion. As courts have noted, "the mere presence of a common question does not require consolidation," and where "individual issues predominate, consolidation should be denied".

Local Rule 40.4 further requires that for a case to be reassigned as "related," it must meet four criteria: (1) both cases are pending in this Court; (2) consolidation will result in a substantial saving of judicial time; (3) the earlier case will not be substantially delayed; and (4) the cases are susceptible to a single disposition. Defendants' motion fails on every substantive prong of this test.

### IV. ARGUMENT

#### A. Consolidation is Premature and Improper While Jurisdiction is Contested

Defendants' motion is premature. A prerequisite for consolidation under LR 40.4(b)(1) is that "both cases are pending in this Court". Plaintiff has filed a Motion to Remand *Whitaker II* to the Circuit Court of Cook County, arguing that Defendants' removal was improper because the complaint pleads no federal question.

3

Should the Court grant the Motion to Remand, the basis for consolidation will evaporate. Federal courts routinely deny consolidation motions as premature when a motion to remand is pending in one of the actions. As the Supreme Court has affirmed, federal removal statutes are strictly construed, and federalism principles demand that federal courts not exercise jurisdiction where it is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Proceeding with consolidation before resolving the threshold issue of jurisdiction "would expend judicial resources on a case that may not belong in federal court at all." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). This Court should therefore deny the motion as premature or, at a minimum, defer its ruling until the Motion to Remand is decided.

## B. The Actions Involve Distinct Legal Claims and Factual Cores

Defendants grossly mischaracterize the two lawsuits as involving "identical causes of action" and "identical questions of fact". A plain reading of the two complaints reveals this is false.

### 1. The Legal Claims Are Fundamentally Different

*Whitaker I* is a federal civil rights action. *Whitaker II* is a state law action challenging a flawed termination process. The attempt to conflate a federal § 1983 First Amendment claim with a state constitutional due process claim is particularly misleading. The legal standards, available defenses, and elements of proof for these claims are entirely distinct.

| *Whitaker I (24-cv-08308)*[2] | *Whitaker II (25-cv-06055)*[3] |
|---|---|
| **Federal Claims:** | **State Law Claims:** |
| 42 U.S.C. § 1981 (Race Discrimination) | Illinois Whistleblower Act |
| 42 U.S.C. § 1983 (First Amendment Retaliation) | Breach of Employment Contract |
| 42 U.S.C. § 1983 (Equal Protection) | Due Process Violations (Illinois Constitution) |

4

| 42 U.S.C. § 1985(3) (Civil Conspiracy) | Common Law Retaliatory Discharge |
|---|---|
| **State Claims (Supplemental):** | Tortious Interference with Contract |
| Illinois Whistleblower Act, Breach of Contract, Abuse of Process, Defamation | |

As the chart demonstrates, the primary claims are not duplicated. While both mention the Illinois Whistleblower Act and breach of contract, these claims arise from different adverse actions—the suspension in *Whitaker I* and the termination in *Whitaker II*.

### 2. The Factual Allegations Arise from Separate Occurrences

Defendants' assertion that the factual allegations are "nearly identical" is a gross oversimplification. While *Whitaker II* incorporates background facts from the first complaint, its central focus is on events that occurred *after Whitaker I* was filed. Specifically, *Whitaker II* alleges distinct wrongdoing related to the termination proceedings from September 2024 to January 2025, including:

a. The undisclosed conflict of interest of the appointed hearing officer.

b. The denial of Dr. Whitaker's right to call members of the Board of Education as witnesses during her hearing, a key due process violation under Illinois law (*Stratton v. Wenona Cmty. Unit Dist. No. 1*, 2022 IL App (3d) 210187).

c. The Board's ultimate decision to terminate her employment on January 16, 2025.

These are not "identical" facts; they are new, subsequent events forming a separate transaction. While both cases arise from Dr. Whitaker's employment, they do not "grow out of the same transaction or occurrence" for the purposes of LR 40.4. One transaction was the retaliatory suspension; the second was the procedurally defective termination.

### 3. Consolidation Would Cause Unfair Prejudice and Substantial Delay

Consolidation must serve the interests of convenience and economy *without* causing prejudice or delay. Here, it would achieve the opposite.

First, under LR 40.4(b)(3), consolidation is improper if it would "delay the proceedings in the earlier case substantially"[1]. *Whitaker I* is the "earlier case" and has already proceeded through an initial round of written discovery[1]. *Whitaker II* is in its infancy; Defendants have not even filed a responsive pleading[1]. Halting *Whitaker I* to allow the newer, jurisdictionally uncertain case to catch up would impose a substantial and prejudicial delay on Dr. Whitaker.

Second, merging these cases would not result in a "substantial saving of judicial time and effort" under LR 40.4(b)(2). Instead, it would create a needlessly complex action, forcing a single jury to parse different legal standards for federal civil rights claims, state constitutional claims, and various common law torts. The risk of jury confusion is immense, and as courts have recognized, "[w]hen cases involve some common issues but individual issues predominate, consolidation should be denied". The predominant issues here—a federal retaliation claim versus a state due process claim—are individual.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Consolidate is a premature and improper attempt to force two distinct lawsuits into a single proceeding. It fails to satisfy the requirements of either Federal Rule 42(a) or Local Rule 40.4. The cases involve different legal questions, different factual cores, and consolidation would result in substantial prejudice and delay to Plaintiff.

**WHEREFORE,** Plaintiff Dr. Sonya Whitaker respectfully requests that this Honorable Court deny Defendants' Motion to Consolidate in its entirety.

**DATED:** June 30, 2025

Respectfully submitted,

**The Yeary Firm, LLC**

By: /s/ Sheridan T. Yeary
Sheridan T. Yeary, Esq.; ID#: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com

**Hall-Jackson and Associates, P.C.**

By: /s/ Chiquita Hall-Jackson
Chiquita Hall-Jackson, Esq.; ID#: 6312976
180 West Washington Street, Suite 820
Chicago, Illinois 60602
chj@hall-jacksonandassociates.com
(312) 255-7105
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I filed the foregoing Motion to Remand to State Court and Request for Costs and Fees to opposing counsel of record via CM/ECF and electronic mail to the following:

Kathleen M. Kunkel, Esq. - kkunkle@ancelglink.com
Richard M. Bruen, Esq. – rbruen@ancelglink.com

**The Yeary Firm, LLC**

By: /s/ Sheridan T. Yeary
Sheridan T. Yeary, Esq.; ID#: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*